IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON, TENNESSEE

| | |
|---|---|
| ERIE INSURANCE COMPANY, | * |
| Plaintiff, | * |
| vs. | * |
| | *   CIVIL ACTION NO._____ |
| KRISTEN WEATHERS, JEANIE HANNAH, Individually, AND JEANIE HANNAH as Administrator of ESTATE OF BILLY NORVILLE, | * |
| Defendants. | * |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes Plaintiff Erie Insurance Company ("Erie"), through counsel, and files suit against Defendants Estate of Billy Norville, Kristen Weathers and Jeanie Hannah pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, *et seq.* In support of the same, Erie shows unto the Court as follows:

### PARTIES

1. Erie Insurance Company is an insurance company founded under the laws of the Commonwealth of Pennsylvania with its principle place of business located in Erie, Pennsylvania. Erie is authorized to do business in the State of Tennessee.

2. Defendant Kristen Weathers was Mr. Norville's fiancée and resided with him at the time of his death. She may be served with process at 511 Westview Cove, Humboldt, Tennessee 38343.

3. Defendant Jeanie Hannah, Individually, is the adult daughter of Mr. Norville. She may be served with process at 8914 U.S. Highway 412, Dyersburg, Tennessee 38084.

4. Defendant Jeanie Hannah as Administrator of the Estate of Billy Norville may be served with process at 8914 U.S. Highway 412, Dyersburg, Tennessee 38084. The Estate was opened on or about January 12, 2015 in Gibson County Chancery Court at Trenton (Case No. 21542P) following the death of Mr. Norville on or about November 27, 2014, and Ms. Hannah was named as administrator.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332(a)(1) and the amount in controversy exceeds $75,000. Erie requests that this Court issue a declaration as to the rights, statuses and legal relationships between it and the defendants as established by the insurance policy issued to Billy Norville.

6. The policy issued to Billy Norville was to insure property located at 1403 Dowsley Drive, Humboldt, Gibson County, Tennessee (hereinafter "the property").

## FACTS

7. Erie issued to Billy Norville homeowner's policy number Q57 6902909 VT with effective dates of September 19, 2014 to September 19, 2015 (hereinafter "the policy"). A certified copy of the policy is attached hereto as Exhibit A and incorporated herein.

8. The property was purchased on October 8, 2014 and was deeded to Billy H. Norville and Kristen Weathers as tenants in common with right of survivorship.

9. Only Mr. Norville was listed in the policy as a named insured.

10. On or about November 12, 2014, a fire occurred at the property. Mr. Norville was injured in the fire and later died from his injuries.

11. At the time of the fire, Mr. Norville, Defendant Weathers and Ms. Weather's six-week-old baby resided in the property. Upon information and belief, Defendant Weathers kept some of her personal property in the residence.

12. Erie issued reservation of rights letters to Defendants Estate of Billy Norville and Kristen Weathers pursuant to the policy. Copies of the letters are attached hereto as Exhibits B and C, respectively.

13. The policy provides for coverage to its named insured, Billy Norville, as follows:

> **AGREEMENT**
>
> In return for "**your**" timely premium payment and "**your**" compliance with all of the provisions of this policy, "**we**" agree to provide the coverages "**you**" have purchased. "**Your**" coverages and amounts of insurance are shown on the "**Declarations**," which are part of this policy.
>
> This agreement is made in reliance on the information "**you**" have given "**us**," and is subject to all the terms of this policy.
>
> This policy, with coverage agreements, limitations, exclusions and conditions, the "**Declarations**" and applicable endorsements and waivers, constitute the entire agreement between "**you**" and "**us**."
>
> \*\*\*
>
> **PROPERTY PROTECTION – SECTION I**
>
> **OUR PROMISE – Dwelling Coverage**
>
> "**We**" will pay for loss to:
>
> 1. "**your**" dwelling at the "**residence premises**" shown on the "**Declarations**." Dwelling includes attached structures, building equipment, fixtures, including solar panels and windmills servicing the premises.

2. construction material at the "**residence premises**" for use in connection with "**your**" dwelling.

This coverage does not apply to land and water, including natural water, above or below the surface of the ground.

\*\*\*

### OUR PROMISE – Personal Property Coverage

"**We**" will pay for loss to:

1. personal property owned or used by "**anyone we protect**" anywhere in the world.

2. at "**your**" option, personal property owned by others while at the property is on "**your**" "**residence premises**."

\*\*\*

### OUR PROMISE – Loss of Use Coverage

\*\*\*

### Additional Living Expenses

If an insured property loss covered under PROPERTY PROTECTION - SECTION I, OUR PROMISE – Dwelling Coverage, OUR PROMISE – Other Structures Coverage or OUR PROMISE – Personal Property Coverage, makes "**your**" "**residence premises**" uninhabitable, "**we**" will pay all reasonable additional living expenses while "**you**" and members of "**your**" household reside elsewhere.

Payments will be for the shortest time required to repair or replace the premises or, if "**you**" choose, for "**you**" to permanently relocate. These payments will not exceed a 24 month period.

\*\*\*

### PERILS WE INSURE AGAINST – Dwelling And Other Structures Coverages

"**We**" pay for direct physical loss to property insured under the Dwelling And Other Structures Coverages, unless the loss is excluded elsewhere under this policy.

\*\*\*

### PERILS WE INSURE AGAINST – Personal Property Coverage

"**We**" pay for direct physical loss to property insured under the Personal Property Coverage, unless the loss is excluded elsewhere under this policy.

14. The policy contains the following applicable definitions:

**GENERAL POLICY DEFINITIONS**

*Throughout this policy and its endorsements, the following words and phrases have a special meaning when they appear in bold type and quotations.*

\*\*\*

"**Anyone we protect**" means "**you**" and the following "**residents**" of "**your**" household:

1. relatives and wards; and

2. other persons in the care of "**anyone we protect**."

Under PROPERTY PROTECTION – SECTION I, OUR PROMISE – Personal Property Coverage, OUR PROMISE – Loss of Use Coverage, ADDITIONAL PAYMENTS (but only for Personal Property Coverage and Loss of Use Coverage) and HOME AND FAMILY LIABILITY PROTECTION – SECTION II, "**anyone we protect**" also means:

3. a Domestic Partner named on the "**Declarations**."

Under HOME AND FAMILY LIABILITY PROTECTION – SECTION II, "**anyone we protect**" also means,

4. any person or organization legally responsible for animals or watercraft which are owned by "**you**," or any person included in Item 1. or 2., and covered by this policy. Any person or organization using or having custody of these animals or watercraft in the course of any "**business**," or without permission of the owner is not "**anyone we protect**;"

5. any person with respect to any vehicle covered by this policy. Any person using or having custody of this vehicle in the course of any "**business**" use, or without permission of the owner is not "**anyone we protect**."

\*\*\*

5

"**Declarations**" means "**our**" form which shows "**your**" coverages, amounts of insurance, premium charges and other information.

This form is part of this policy. "**Declarations**" include forms titled Amended Declarations, Revised Declarations, Duplicate Declarations, New Declarations, Reinstatement of Coverage or Continuation Notice.

\*\*\*

"**Resident**" means a person who physically lives with "**you**" in "**your**" household. "**Your**" unmarried, unemancipated children under age 24 attending school full-time and living away from home will be considered "**residents**" of "**your**" household.

"**We**," "**us**" or "**our**" means the Erie Insurance Company.

"**You**," "**your**" or "**Named Insured**" means the person(s) named on the "**Declarations**" under "**Named Insured**." Except in the RIGHTS AND DUTIES – GENERAL POLICY CONDITIONS Section, these words include the spouse of the person(s) named in Item 1. on the "**Declarations**" provided the spouse is a "**resident**."

15. The policy also contains the following exclusions and conditions:

**EXCLUSIONS – What We Do Not Cover – Dwelling And Other Structures Coverages**

"**We**" do not pay for loss resulting directly or indirectly from any of the following, even if other events or happenings contributed concurrently, or in sequence, to the loss:

\*\*\*

15. by neglect of "**anyone we protect**" to use all reasonable means to protect covered property at and after the time of loss or when property is threatened by a peril covered under PERILS WE INSURE AGAINST.

16. by intentional loss, meaning any loss arising from an act committed by or at the direction of "**anyone we protect**" or any additional insured listed on the "**Declarations**" with the intent to cause a loss.

\*\*\*

**RIGHTS AND DUTIES – CONDITIONS – SECTION I**

\*\*\*

## LOSS PAYMENT

"**We**" will settle any claim for loss with "**you**." "**We**" will pay "**you**" unless some other person is named in the policy or is legally entitled to receive payment. "**We**" will pay within 30 days after "**we**" receive "**your**" proof of loss and the amount of loss is finally determined by one of the following:

1. "**we**" have reached an agreement with "**you**;"

2. there is an entry of final judgment; or

3. there is a filing of an appraisal award on "**your**" behalf.

\*\*\*

## MORTGAGE CLAUSE

Loss under Dwelling Coverage or Other Structures Coverage will be payable to mortgagees named on the "**Declarations**," to the extent of their interest and in the order of precedence.

\*\*\*

## RIGHTS AND DUTIES -- GENERAL POLICY CONDITIONS -- SECTIONS I & II

"**We**," "**you**" and anyone else protected by this policy must do certain things in order for the terms of this policy to apply.

\*\*\*

## PRIORITY

This insurance will first protect "**you**," "**your**" spouse residing in "**your**" household and then others "**we**" protect.

### SURVIVORS' COVERAGE

If "**you**" die, the policy will cover:

1. "**anyone we protect**" who is a member of "**your**" household at the time of "**your**" death, but only while a "**resident**" of the "**residence premises**;"

2. anyone having lawful possession of insured property until a representative is appointed, but only until the end of the policy period during which "**your**" death occurs; and

      3.      "**your**" legal representative, but only while performing duties as "**your**" representative and only until the end of the policy period during which "**your**" death occurs.

\*\*\*

16. Defendants Hannah (either on her own behalf or on behalf of Defendant Estate) and Weathers both claim entitlement to the proceeds. Further, both parties claim to be entitled to determine what happens to the property; upon information and belief, Defendant Hannah has expressed a desire to have the property declared a total loss, while Defendant Weathers wishes to repair the property.

17. There exists a justifiable controversy between and among the parties of such immediacy that this Court must declare the respective rights of the parties.

**WHEREFORE**, Erie Insurance Exchange respectfully prays that this Court (a) declare the rights, statuses and legal relationships between it and the defendants as established by the insurance policy issued to Billy Norville and (b) grant whatever further relief it does deem equitable and just.

                                                         **ERIE INSURANCE COMPANY**

                              By:      */s/ S. Morris Hadden*
                                      S. Morris Hadden (BPR #000747)
                                      Caroline R. Williams (BPR #029454)
                                      Attorneys for Erie Insurance Company
                                      **HUNTER, SMITH & DAVIS, LLP**
                                      1212 North Eastman Road
                                      Post Office Box 3740
                                      Kingsport, TN 37664-0740
                                      (423) 378-8820

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON, TENNESSEE

| | |
|---|---|
| **ERIE INSURANCE COMPANY,** | * |
| Plaintiff, | * |
| vs. | * |
| | * CIVIL ACTION NO._____ |
| **KRISTEN WEATHERS, JEANIE HANNAH, Individually, AND JEANIE HANNAH as Administrator of ESTATE OF BILLY NORVILLE,** | * |
| Defendants. | * |

## CERTIFICATE OF CORPORATE INTEREST

I, the undersigned, counsel of record for Erie Insurance Company, certify to the best of my knowledge and belief:

[ ]     My clients have no corporate interests to be certified.

[X]     My client has the following parent corporations, subsidiaries not wholly owned, and publicly held companies that own 10% or more of its stock:

Erie Insurance Company is wholly owned by Erie Insurance Exchange, which is a reciprocal insurance exchange. Neither Erie Insurance Exchange nor Erie Insurance Company is a publically held corporation.

/s/ S. Morris Hadden
S. Morris Hadden

April 20, 2015
(Date)